[Civ. No. 48879. Second Dist., Div. One. Dec. 1, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT T. RAMIREZ et al., Defendants and Appellants.

COUNSEL

Joe C. Ortega and Percy Duran for Defendants and Appellants.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

HANSON, J.—

## INTRODUCTION

This is an appeal from an order of the superior court denying a motion to vacate forfeiture and exonerate a bail bond which had been posted on behalf of the defendant in the principal criminal action, People v. Straughter [Henry Wallace], Los Angeles Superior Court No. A311401.

The specific determinative issue presented is whether or not the superior court retains or loses jurisdiction to vacate a bail forfeiture and to exonerate a bond under Penal Code section 1305 (hereinafter section 1305) where the bonding company's notice of motion to vacate the forfeiture was filed within 180 days following the mailing of bail forfeiture by the clerk of the court but the defendant was not actually surrendered or recaptured within the 180-day period. He was recaptured by the time of the hearing on the bonding company's motion which was set after the 180 days and within the additional 30-day period for conducting the hearing allowed by the statute.

## Factual and Procedural Background

On *December 3, 1974,* defendant Henry Wallace Straughter (hereinafter defendant) was charged by way of information with two counts of assault with a deadly weapon, a shotgun, in violation of Penal Code section 245, subdivision (a). He subsequently pleaded not guilty and bail was set at $5,000.

On *December 5, 1974,* bail bondsman Albert T. Ramirez, doing business as Albert's Bail Bonds, and the surety Argonaut Insurance Company (hereinafter collectively referred to as Argonaut) filed with the court Argonaut's bail bond No. 200294 in the sum of $5,000 for defendant.[1]

On *May 20, 1975,* the jury in the trial of the matter became deadlocked, a mistrial was declared, the jury discharged, and the trial reset for July 9, 1975. Defendant was allowed to remain out on bail.

On *July 9, 1975,* the case was called for trial and defendant failed to appear without sufficient excuse, the bail was ordered forfeited and a bench warrant was issued.

On *July 18, 1975,* the clerk of the superior court properly mailed the "Notice of Order Forfeiting Bail" to Albert's Bail Bonds and Argonaut.[2]

---

[1]The bail bond contained the following language:

"Now, the ARGONAUT INSURANCE COMPANY, a California corporation, hereby undertakes that the above named defendant will appear in the above-named court on the date set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court and, if convicted, will appear for pronouncement of judgment or grant of probation or if he/she fails to perform either of these conditions, that the ARGONAUT INSURANCE COMPANY, a California corporation, will pay to the people of the State of California the sum of Five Thousand Dollars ($5000.00).

"If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said ARGONAUT INSURANCE COMPANY, a California corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code." (The premium charged for the bond was $500 per annum.)

[2]The notice of forfeiture mailed to Albert's Bail Bonds and Argonaut contained the following:

On *January 14, 1976,* Argonaut filed a "Notice of Motion and Motion to Vacate Forfeiture and Exonerate Bond" designating January 28, 1976, as the date on which said motion was sought to be heard. Accompanying declarations stated the grounds of said motion to be "that the failure of the defendant herein to appear was without the connivance or collusion of his bail" and that his "failure to appear . . . was without the knowledge or consent of the bail" and contained the following statement:

"WE ARE IN THE PROCESS OF PICKING UP THIS DEFENDANT TODAY, AFTER SURRENDER, WE ASK FOR EXONERATION OF THIS BAIL PURSUANT TO SECTION 1305 OF THE PENAL CODE."

On *January 28, 1976,* at the hearing counsel for Argonaut, Mr. O. Rodriguez, advised the court that defendant Straughter was in custody, having been apprehended the night before. The deputy district attorney (Mr. Size) objected to the motion as being untimely pursuant to Penal Code section 1305.[3] The matter was continued to January 29, 1976, to ascertain if defendant Straughter was in fact in custody.

"Please take notice that each surety bond posted by you in behalf of each below named defendant has been ordered forfeited by the court for failure to appear on the date shown.

| Case Number | Name | Court Number | Amount | Bond Number | Date Forfeited |
|---|---|---|---|---|---|
| A311401 | STRAUGHTER, Henry Wallace | 130 | $5000 | CA 200294 | 7/9/75 Court 7/9/75 Entry |

"Your contractual obligation to pay each bond will become absolute on the 181st day following the date of the mailing of notice of the forfeiture unless the Court shall sooner order the forfeiture set aside and the bond reinstated."

[3]The following is colloquy contained in the reporter's transcript of the hearing on January 28, 1976:

"THE COURT: Henry Struaghter [*sic*].

"MR. RODRIGUEZ [counsel for Argonaut]: Yes, Your Honor, J. Rodriguez representing the bonding company.

"THE COURT: All right. Have you secured the defendant?

"MR. RODRIGUEZ: He is in custody in the L.A. County Jail. He was picked up last night, Your Honor.

"THE COURT: All right.

"MR. SIZE [Deputy District Attorney]: Your Honor, the problem with this motion is that I really don't think that they were allowed to make this motion at the time they did, because they didn't have the defendant in custody, which is required under Section 1305.

"And the Court file shows that the—there was someone picked up, but they later determined that that was not in fact this person.

"And now that they have picked him up last night, the 180 days has already passed,

On *January 29, 1976,* it was verified that Straughter was apprehended on January 27, 1976. The court denied the motion to vacate the forfeiture and exonerate the bond since Straughter was not apprehended within the 180 days as provided by section 1305, subdivision (a) (193 days after the mailing of the "Notice of Order Forfeiting Bail") stating it lacked jurisdiction.

## ISSUE

■■■ As previously noted the determinative issue on appeal is whether or not under the facts of the instant case the trial court lacked jurisdiction to grant a "motion to vacate the forfeiture and exonerate bail" where the defendant was not actually in custody within 180 days after the "Notice of Order Forfeiting Bail" was mailed pursuant to section 1305, subdivision (a) of the Penal Code.

Argonaut urges that even though defendant was not recaptured until 193 days after the notice of forfeiture since it filed its "Notice of Motion and Motion to Vacate Forfeiture and Exonerate Bond" within the 180-day statutory period, made efforts to get defendant into custody and defendant was in custody when the motion was heard, the spirit and intent of the statute were met and the court had the jurisdiction to set aside the forfeiture relying primarily on *People* v. *Wilcox* (1960) 53 Cal.2d 651 [2 Cal.Rptr. 754, 349 P.2d 522].

## DISCUSSION

"The obligations of bail are governed by the statutes specially applicable thereto." (Civ. Code, § 2781; *People* v. *Stuyvesant Ins. Co.*

---

and I think this motion should be denied, as setting forth no grounds for warranting release on its face.

"And they want to notice another motion, I still think they are going to have a problem, since the 180 days has lapsed.

"But I guess they would be allowed to try it.

"MR. RODRIGUEZ: May I, Your Honor?

"The motion was filed within the 180 days and we had knowledge of the whereabouts of the defendant.

"The L. A. Police Department went down to look for him, along with the investigator from the company.

"Unfortunately, the man escaped from them. He was shot at and everything, but he wasn't hit.

"And I believe that the company has done every effort possible to try to secure the defendant and the whole police department was kind enough to notify us last night that he is in custody and he is in custody right now at the L. A. County Jail.

. . . . . . . . . . . . . . . . . . . ."

(1968) 261 Cal.App.2d 773, 782 [68 Cal.Rptr. 389]; *People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 153 [51 Cal.Rptr. 212].)

The statute specifically applicable to the case at bench and which sets forth the requirements to empower a court to set aside a bail forfeiture is section 1305.[4]

---

[4]Penal Code section 1305 reads as follows:

"(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.

"But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, and may order the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting

■ "The provisions of the statute [section 1305] are jurisdictional. (*People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208]; *People* v. *Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773, 782 [68 Cal.Rptr. 389].) The burden is upon the bonding company seeking to set aside the forfeiture to establish *by competent evidence* that its case falls within the four corners of these statutory requirements. (*People* v. *Niccoli* (1951) 102 Cal.App.2d 814, 819 [228 P.2d 827].)" (Italics in original.) (*People* v. *United Bonding Ins. Co.* (1969) 272 Cal.App.2d 441, 445-446 [77 Cal.Rptr. 310].)

The critical time period referred to in section 1305, subdivision (a) is "within 180 days" after the entry in the minutes or the mailing of the notice of forfeiture by the clerk (the 180-day time period being mentioned 10 times in § 1305, subd. (a)).

■ The "four corners" of section 1305, subdivision (a) provide in substance two general conditions "within 180 days" whereby relief from the forfeiture can be accomplished, namely:

(1) *With* the actual appearance of "defendant *and* his bail" without connivance on the latter's part *or* "the bail should surrender the

attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination.

"(b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." (Amended by Stats. 1970, ch. 936, § 2, p. 1694; Stats. 1972, ch. 1114, § 1, p. 2124.)

Note the following:

1970 amendment. Substituted "must" for "shall" in two places.

1972 amendment. Made the original first paragraph of subdivision (a) into three paragraphs; added the words "and may order the bail reinstated and the defendant released again on the same bond" to the first sentence of the second paragraph of subdivision (a); transferred the last sentence of the third paragraph of subdivision (a) to the end of the second paragraph of subdivision (a); added the provision about waiver by the district attorney or other prosecuting attorney at the beginning of the fourth paragraph of subdivision (a); and substituted the prosecuting attorney for the representative of the people in the first sentence of the fourth paragraph of subdivision (a).

defendant to the court or to custody." In either of these events the statute is specific that defendant must actually be present in court (or in custody) within the 180-day period.

(2) *Without* the actual appearance of the defendant in court where he (defendant) is under a *"disability"* (i.e. death, illness, insanity, or detention by civil or military authorities) *and* without the connivance of the bail.

The first condition referred to above for relief was not met because defendant Straughter was not physically present in court (or in custody) within the 180-day period. He was not apprehended by the police until 193 days after the notice of forfeiture was mailed and entered by the clerk on July 18, 1975.

Nor does the instant case fall within the second condition referred to above for relief inasmuch as defendant Straughter suffered none of the specifically enumerated "disabilities" (death, illness, insanity, or detention by civil or military authorities) within the 180-day period. As previously noted he was not recaptured and detained by civil authorities (as contrasted to military authorities) until 193 days after the notice of forfeiture was mailed and entered by the clerk of the court.

The case of *People* v. *Wilcox, supra,* 53 Cal.2d 651, and the cases cited therein relied on by Argonaut are factually distinguishable. In *Wilcox* the People appealed from an order of the trial court reinstating a forfeited bail bond and the subsequent exoneration of the same. The Supreme Court affirmed that part of the order which gave jurisdiction to grant the relief by setting aside the forfeiture but reversed that part of the order exonerating the bond.

The *Wilcox* case falls generally within the second condition for relief mentioned above. In respect to the motions and grounds for relief the court said:

"No proof was offered on the part of the People, and it must therefore be assumed that their contention is that the showing made was insufficient as a matter of law. The record fails to show that at the time of the forfeiture any document or proof of the defendant's condition was before the court. Between the time of forfeiture and revocation of that order, the court received its own medical examiner's report, the affidavits

of the attorney for the surety, the affidavits of the defendant and his attending physician. These documents contained reasons tending to excuse the defendant's failure to appear. They affirmatively show the inability of the defendant to personally appear by reason of his continuing illness. They further show that the defendant's absences were without the connivance of the surety." (P. 655.)

"We are persuaded that in the present case there was a sufficient showing that the defendant's absence was excusable, and manifestly sufficient to vacate and set aside the order of forfeiture. This is not a case where the defendant fled the jurisdiction of the court, surreptitiously disappeared, failing to contact his counsel or to advise the court of the reason for his absence. Nor is there any conflict in the evidence as to why the defendant was not present or whether he had exercised good faith. . . ." (P. 656.)

Argonaut points to the language in *Wilcox* at page 657 which states:

"It is next contended that the court lacked jurisdiction to set aside the order of forfeiture for the reason that section 1305, when read with section 1306 of the Penal Code, requires the trial court to enter a summary judgment after 90 days have expired, following the order of forfeiture of bail. Section 1306 provides in part: 'When any bond is forfeited . . . 90 days after such forfeiture . . . [the court] shall enter a summary judgment against each bondsman named in such bond in the amount for which such bondsman shall have bound himself. . . .' Section 1305, as stated, provides that the order of forfeiture may be set aside 'if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect. . . .' In *Leach* v. *Dinsmore,* 22 Cal.App.2d Supp. 735, 740 [65 P.2d 1364], similar contentions were made, and the court stated: 'Contrary to defendants' contention, section 1305 Penal Code does *not* require "the appearance of the defendant *and* the setting aside of the forfeiture within ninety days after the order of forfeiture." It requires only that the *appearance and showing* be made (possibly only commenced) within the 90-day period.

" 'The provision here as to the time limit for action is cast in a form quite similar to that of section 473 Code of Civil Procedure, which is construed to mean that if the application for relief is made within the time specified, the action of the court thereon may be taken after that

time has expired. (See 14 Cal.Jur. 1069, 1070; *In re Yoder* (1926), 199 Cal. 699, 702 [251 P. 205]; *Wolff & Co.* v. *Canadian Pac. Ry. Co.,* (1899) 123 Cal. 535 [56 P. 543].)'

"The statement of the law in the Leach case is based on sound reasoning and justice. If relief may be applied for at any time within the 90-day period certainly the court can not be expected to act on the application before the end of the period. . . ." (Italics in original.)

In the instant case, the declaration attached to Argonaut's "Notice of Motion and Motion to Vacate Forfeiture and Exonerate Bond" was insufficient (see *infra*) and this *is a* case "where the defendant fled the jurisdiction of the court, surreptitiously disappeared, failing to contact his counsel or to advise the court of the reason for his absence." (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 656.) As stated in *People* v. *National Auto. & Cas. Co., supra,* 242 Cal.App.2d 150, 154, footnote 5: "At most this case [Wilcox] is authority for the proposition that the court may enter its order vacating the bail forfeiture after the 90 day limitation where petitioner *had filed his motion to vacate* AND *made a showing to the satisfaction of the court* WITHIN THE 90 DAY PERIOD. . . ." (Italics added.)

In *People* v. *National Auto. & Cas. Co., supra,* at page 153, the court said: "Since the judgment against the bail is one taken by consent, the obligation assumed is absolute but for the defenses set forth in section 1305, and these *must be asserted* within the 90-day period or the court loses jurisdiction (*People* v. *Black,* 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *Stuyvesant Ins. Co.,* 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208]). . . ." (Italics in original.)

Here, Argonaut's attempt to extend the statutory period by inserting the language in its motion, which was timely filed on the 180th day, that: "*We are in the process of picking up this defendant today, after surrender, we ask for exoneration of this bail pursuant to Section 1305 of the Penal Code,*" (italics added) was totally inadequate to constitute grounds for relief.

We hold the obligation assumed by Argonaut is absolute but for the defenses set forth in section 1305, subdivision (a), and these *must not only be actually asserted but also in existence* within the 180-day period or the court loses jurisdiction. Section 1305, subdivision (a) clearly speaks in terms of "*surrender* [of] the defendant" (italics added) within 180 days.

The mere assertion of "contemplated" surrender on the 180th day to play for time on the part of Argonaut is patently insufficient.

■ We note that section 1305, subdivision (a) provides that: "Such notice of motion *must* be filed within 180 days after such entry in the minutes or mailing as the case may be" and further provides that the motion "must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination." (Italics added.) We hold the legislative intent and purpose was to allow for the "at least 10 days prior" notice to the district attorney in the event, as here, of filing the motion on the 180th day and acknowledges the problems of possible congested calendars of court and counsel. We conclude the legislative intent and purpose of the extension of the hearing beyond the 180 days was not to extend the actual existence of the grounds beyond the 180-day period.

To conclude otherwise would reduce the obligations of a bonding company under section 1305, subdivision (a) from an absolute to a gamble in favor of the bonding company—heads I win, tails you lose—through the ruse of filing a declaration within the 180 days of "contemplated" surrender or recapture in order to acquire a "breather" of another 30 days in pious hope the defendant will show up or be recaptured. The Legislature never intended such a result nor could the criminal courts or the bail system properly function under such an interpretation.

■ " 'The object of bail is to insure the attendance of the principal and his obedience to the orders and judgment of the court. [While] there should be no suggestion of revenue to the state or county, nor punishment to the surety[.]' [citations] [w]here there is a breach of the obligation, the bail should be enforced. . . ." (*People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757].)

"The surety enters a contract with the bailee which encompasses the risk that the bailee will not appear and has charged a fee which presumably is sufficient to provide a profitable enterprise despite occasional forfeitures of bail . . ." (*Continental Cas. Co.* v. *State of California* (1974) 41 Cal.App.3d 259, 262 [115 Cal.Rptr. 868]; accord, e.g., *County of Los Angeles* v. *Wilshire Ins. Co.* (1975) 44 Cal.App.3d 952, 956-957 [119 Cal.Rptr. 101].)

## CONCLUSION

We conclude, by reason of the foregoing, that Argonaut failed completely to bring itself into the ambit of section 1305, subdivision (a) which would entitle it to have defendant's bail forfeiture vacated and the bond exonerated, where the purported declarations attached to its notice of motion, although timely made, were totally insufficient and the proof failed to show that defendant Straughter was either surrendered to the court, in custody or physically unable to put in an appearance before the court at any time during the 180-day period following the forfeiture. (See *People* v. *United Bonding Ins. Co., supra,* 272 Cal.App.2d 441.)

We therefore hold that defendant Straughter's recapture on a date beyond the expiration of the statutory 180-day period but before the hearing of Argonaut's motion does not vest the superior court with jurisdiction to grant Argonaut's motion for relief from forfeiture and to exonerate the bond.[5]

## DISPOSITION

The judgment (denial of motion to vacate forfeiture and exonerate bond) is affirmed.

Wood, P. J., and Lillie, J., concurred.

---

[5]If Argonaut filed a new motion immediately following the recapture of defendant Straughter, it would not have been timely filed within the 180-day period of the mailing of the notice of forfeiture as provided by section 1305, subdivision (a) and would also fail.