[Civ. No. 53110. First Dist., Div. Four. Aug. 11, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
BEVERLY BAIL BONDS, Defendant and Appellant.

**COUNSEL**

John E. Milonas and Arthur D. Dempsey for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Beverly Bail Bonds appeals from orders denying motions by it to vacate the forfeiture of two bail bonds. On January 18, 1980, the San Mateo County District Attorney filed an information charging Jimmy Lee Horner, Lem James Moore, and Antoinette Island (aka Theresa Allen, Toni Island, Cathy Chambers, and Theresa Island) with two counts of robbery (Pen. Code, § 211). A third count charged that Island acted as an accessory to robbery (Pen. Code, §§ 32, 211). The three defendants were released on bonds posted by Cotton Belt Insurance Company through John S. Beverly as attorney in fact.

The defendants failed to appear for trial on April 7, 1980. Bail for all three was ordered forfeited and bench warrants were issued. Moore was soon arrested, and on motion by the surety the forfeiture was vacated and his bond exonerated. Further proceedings with respect to Moore have no bearing on the present appeal.

On September 29, 1980, the surety moved to vacate the Island and Horner forfeitures and to extend those bonds. Then on October 6, Beverly Bail Bonds, designating itself rather than Cotton Belt as the

surety, made a separate motion for an extension of time to produce Horner and Island. On October 7, the court denied the motions to vacate the forfeitures and extend the bonds. The motion for extension of time was denied on October 15.

Island appeared before the court on October 23. Eventually, Island pleaded nolo contendere to one count of robbery and was admitted to probation. So far as the record shows, Horner had not been apprehended.

Beverly Bail Bonds filed timely notices of appeal from the October 7 orders denying the motions to vacate the Island and Horner forfeitures. On October 28, summary judgments were rendered against appellant on the Horner and Island bonds. In regard to the Island bond, appellant also moved for vacation of forfeiture, for vacation of summary judgment, and for exoneration of the bond. This motion was denied on November 17. There has been no appeal from the summary judgment or from the order denying the postjudgment motions.

■ Appellant contends that its bond was forfeited without procedural due process. ■ Procedural due process requires notice and an opportunity for hearing before the state may deprive a person of any significant property interest. (*Fuentes* v. *Shevin* (1972) 407 U.S. 67, 80, 90 [32 L.Ed.2d 556, 569-570, 575-576, 92 S.Ct. 1983]; *Adams* v. *Dept. of Motor Vehicles* (1974) 11 Cal.3d 146, 151 [113 Cal.Rptr. 145, 520 P.2d 961, 64 A.L.R.3d 803].) ■ Penal Code section 1305[1] prescribing the procedure for setting aside a forfeiture, meets due process requirements. (See *People* v. *Surety Ins. Co.* (1978) 82 Cal.App.3d 229, 236-240 [147 Cal.Rptr. 65].) The initial order of forfeiture is

---

[1]Penal Code section 1305: "If within 180 days after such entry in the minutes [that the defendant failed to appear] or mailing [of notice of forfeiture], it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days."

merely preliminary and does not in and of itself deprive one of property. (*Ibid.*) The statute explicitly provides for notice of the forfeiture and gives the surety 180 days to show cause for vacating the forfeiture. The types of excusable absences are specified. If the forfeiture is not vacated, summary judgment on the bond is entered pursuant to the prior consensual agreement of the surety.

In the present case, appellant does not deny that it received notice of the forfeitures. Appellant failed to make any showing that the defendants missed their trial date because of "illness, insanity, or detention by civil or military authorities...." (Pen. Code, § 1305.) Instead, the motions to vacate were submitted solely on the basis of declarations stating that the surety did not collude in the nonappearance of either Horner or Island. Such a declaration does not meet the statutory requirements for vacation of a forfeiture. Even the subsequent motion for an extension of time to produce the defendants (a motion the denial of which is not challenged in the present appeal) was supported only by a declaration containing a hearsay statement that the defendants must be somehow temporarily disabled, inasmuch as a one-month search had failed to locate them.

Appellant cites two cases to support its due process contention—*Kruger* v. *Wells Fargo Bank* (1974) 11 Cal.3d 352 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 1266], and *Adams* v. *Dept. of Motor Vehicles, supra,* 11 Cal.3d 146. Neither case is helpful to appellant. In *Kruger*, the Supreme Court held that a plaintiff could bring suit against a bank improperly exercising setoff rights against monies provided by unemployment and state disability programs. *Kruger* does not apply to the present case, because (1) *Kruger* involved monies paid by the state rather than to the state and (2) *Kruger* did not involve state action, and procedural due process standards did not apply.

The *Adams* case did involve state action and procedural due process; the Supreme Court held that portions of the statutory garageman's lien law violated procedural due process. The *Adams* situation, however, is not analogous to the bail forfeiture procedure. First, while the facts in *Adams* did indicate a consensual agreement, the parties to that case placed little weight on the agreement. In addition, the consent in *Adams* appeared to extend only to the instigation of the lien, not to the subsequent sale of the liened property. (11 Cal.3d at p. 151, fn. 9.) In cases involving bail forfeiture, on the other hand, the parties place great

weight on the explicit consensual agreement to forfeiture;[2] such consent is the fundamental basis of the bonding procedure and it is a condition which all bonding companies knowingly assume. Second, given the time factor involved in bringing civil suits to trial and given the extraordinary nature of temporary injunctions, the *Adams* court found that provisions in the garageman's lien statutes had the effect of permitting the sale of a liened vehicle without reasonable opportunity for a hearing. The bail forfeiture statutes, on the other hand, expressly provide for a timely hearing, upon proper showing, either within the 180-day period or within 30 days after expiration of those 180 days.

Appellant contends that the bail forfeiture statutes create a "mixed or conclusive" presumption which conflicts with certain statutory burdens of proof—specifically, those recognized in Evidence Code sections 550, 600-605. The failure of a defendant on bail to appear before the court is presumptively without sufficient excuse (i.e., is presumptively without an excusable temporary or permanent disability). (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 498 P.2d 1385].) Appellant contends that the law of California does not permit any showing rebutting this presumption. Actually, the Supreme Court has held that "the burden of *rebutting* such presumption rests with the defendant's representatives or those who are interested in avoiding a forfeiture." (*Id.*; italics added.)

Thus, the bail forfeiture statutes create a rebuttable, not a conclusive, presumption. The fact that there are jurisdictional limits as to when this rebuttal may be presented is not significant. In a sense, Penal Code section 1305's 180-day period for showing an excuse for nonappearance is

---

[2]In our case, the bail bonds provide: "Now, the COTTON BELT INSURANCE CO. [Beverly's parent company] ... hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and as duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation; or if he/she fails to perform either of these condition, that the COTTON BELT INSURANCE CO. ... will pay to the people of the State of California, the sum of TWENTY FIVE THOUSAND dollars ($25,000).

"If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said COTTON BELT INSURANCE CO. ... for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code,

"[Signature]
"John F. Brady"

analogous to the six-month period during which a party may apply for relief from judgment taken by mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 473; see *Leach v. Dinsmore* (1937) 22 Cal.App.2d Supp. 735, 741 [65 Cal.Rptr. 1364].)

Nor does this rebuttable presumption conflict with the Evidence Code. There is no conflict with sections 600 or 601; Evidence Code section 600 merely defines "presumption" and section 601 states that a presumption is either conclusive or rebuttable. Section 602 defines a rebuttable statutory presumption as any statute which provides "that a fact or group of facts is prima facie evidence of another fact...." In bail forfeiture cases, a defendant's failure to appear, without explanation, is prima facie evidence that his failure to appear was without sufficient cause. (*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 907.)

Evidence Code section 550 establishes that the burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact. Evidence Code section 603 regulates the establishment of burdens of producing evidence and section 605 regulates the establishment of burdens of proof. Because of section 550, both sections 603 and 605 apply to the bail statutes. It appears that the thrust of appellant's contention focuses on these two sections.

Evidence Code section 603 provides: "A presumption affecting the burden of producing evidence is a presumption established to implement no public policy other than to facilitate the determination of the particular action in which the presumption is applied."

Evidence Code section 605 provides: "A presumption affecting the burden of proof is a presumption established to implement some public policy other than to facilitate the determination of the particular action in which the presumption is applied ...."

Appellant contends that the public policy language announced in two prior bail bond cases conflicts with these sections. At one point, appellant even cites one of the cases for the proposition that "[t]he Legislature never intended such a result nor could the criminal courts or the bail system function under such an interpretation." (*People v. Ramirez* (1976) 64 Cal.App.3d 391, 402 [134 Cal.Rptr. 511].) Taken in context, however, this statement does not support appellant's contention; the statement was made in reference to a surety's attempt to

vacate a forfeiture even though the defendant was not recaptured until 193 days after the defendant failed to appear for trial. Actually, the language of both cases relied upon by appellant conforms to the code sections. In one of the cases the Court of Appeal stated: "It is clear that the purpose of the demand and notice provisions [of the bail forfeiture statutes] is to protect the county...." (*People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 155 [51 Cal.Rptr. 212].) In the other case, the court noted: ""'The object of bail [statutes] is to insure the attendance of the principal and his obedience to the orders and judgment of the court..." [Citation.]'" (*People* v. *Ramirez, supra,* 64 Cal.App.3d 391, 402.) These excerpts address the public policies behind assigning to the defendant the burden of proof as to the excusability of a nonappearance. They show that the presumption against an absconder's disability furthers the public policy of inducing compliance with the requirement that accused criminals appear before the court when ordered.

Placing on defendants or their agents the burden of producing evidence showing an excused absence is proper because it is more reasonable to require the defendant or his surety to show disability than it would be to require the state to initially present evidence that the absconder was not disabled. Beverly's complaint that it has lost $50,000 in bail bonds without knowing why the bailees failed to appear, why the bailees were absent more than 180 days, or how Island was returned to court is not any basis for relief. Beverly assumed that risk when it willingly agreed to bond Horner and Island. It failed to rebut the presumption that the nonappearance of the defendants was unexcused; therefore, denial of its motions to vacate the forfeitures and extend those bonds was proper.

■ All the contentions advanced by appellant are refuted by controlling authority. Where an appeal is frivolous and taken solely for delay, Code of Civil Procedure section 907 and California Rules of Court, rule 26(a), authorize this court to impose costs and damages. (*Miller* v. *R.K.A. Management Corp.* (1979) 99 Cal.App.3d 460, 469 [160 Cal.Rptr. 164].) Such penalties may be imposed upon offending attorneys or parties. (Rule 26(a).) In the present case, appellant has submitted a brief which raises no meaningful issues. Penal Code sections 1305 and 1306 clearly detail the circumstances that justify setting aside a forfeiture; the due process issue had previously been resolved in *People* v. *Surety Ins. Co., supra,* 82 Cal.App.3d 229; an excerpt from *People* v. *Ramirez, supra,* 64 Cal.App.3d 391, was cited in a misleading

manner; and *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 907, the case relied upon to support appellant's "conclusive presumption" contention, actually contains the language refuting that contention. The lack of merit of appellant's contentions and the lack of effort apparent from the presentation of the brief suggest an inference that the appeal was taken for either or both of the following improper reasons: for the benefit of appellant (to forestall payment on the bonds) or for the benefit of appellant's attorneys (to charge an unknowing client a fee). Further indication is provided by the repetitive nature of the appellant's motions regarding these forfeited bonds—the motions to vacate the forfeitures, a motion for an extension of time to produce the bailees, this appeal, and a motion for vacation of summary judgment on the Island bond. In response to an order to show cause neither appellant nor counsel has shown that the appeal has any possible merit. It was in fact established that counsel did not participate when the appeal was taken; that the notice of appeal was filed by John B. Beverly, the proprietor of appellant; that he is not an attorney, but that the notice of appeal does not indicate that he filed it in propria persona; and that it is his regular practice to do this, and to rely on later-substituted attorneys to brief appeals which they have not assessed for merit. We conclude that both appellant and appellant's counsel are culpable in taking and maintaining a frivolous appeal for the purpose of delay.

We granted rehearing in order to reexamine in light of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], the imposition of penalties. In that decision, rendered by the Supreme Court a few days after the first filing of our opinion, guidelines are stated which affect the present case in two ways: (1) the Supreme Court held that an appeal can be "held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit" (31 Cal.3d at p. 650); (2) procedures to be followed before imposing a penalty were specified. "Penalties for prosecuting frivolous appeals should not be imposed without giving fair warning, affording the attorney an opportunity to respond ... and holding a hearing. Further, when imposing sanctions, the court should provide the attorney with a written statement of the reasons for the penalty." (31 Cal.3d at p. 654.)

Our review of the record and briefs raised a strong suspicion that the appeal was taken for the improper purpose of unjustifiably frustrating

and delaying enforcement of the judgment. The appeal also appeared to be "totally and completely without merit" in the words of the Supreme Court. This court issued and caused to be served on appellant and counsel an order directing them to show cause why sanctions should not be imposed on them for taking and maintaining a frivolous appeal. A hearing was held at which the responding parties were given full opportunity to answer to the charge. In our opinion we have set out a written statement detailing the reasons for imposing sanctions. These steps conform to the procedures mandated by the Supreme Court in *Flaherty*.

The appeal is dismissed. A penalty in the amount of $1,000 is imposed on appellant. A further penalty of $1,000 is imposed on John E. Milonas and Arthur D. Dempsey, his attorneys, jointly and severally. These penalties will be recovered as costs by respondent.

Rattigan, Acting P. J., and Poché, J., concurred.

A petition for a rehearing was denied August 25, 1982, and appellant's petition for a hearing by the Supreme Court was denied October 13, 1982.