[Civ. No. 66646. Second Dist., Div. Four. Oct. 11, 1983.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY,
Defendant and Appellant.

## Counsel

Burton Marks for Defendant and Appellant.

John H. Larson, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, Dennis M. Gonzales and John R. Ellis, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**AMERIAN, J.**—In criminal case No. A 367069, appellant Amwest Surety Insurance Company (herein appellant) in 1981 posted bail bond in the sum of $200,000 for defendant Henry Reece, who faced a murder charge. That bail was ordered forfeited on September 11, 1981, owing to the failure of Reece to appear at the trial, while the jury was deliberating.

Notice of the forfeiture was mailed to appellant and to the bail bondsman by the county clerk on September 18, 1981. Appellant filed a motion to set aside the bail forfeiture.[1] On March 30, 1982, that motion was denied. On March 31, 1982, the county clerk demanded payment from appellant.

Thereafter, on May 25, 1982, pursuant to Penal Code section 1306,[2] papers were filed with the superior court in support of a request by respon-

---

[1]The record on appeal does not disclose the date that motion was filed and does not include the papers filed in support of the motion.

[2]All references are to the Penal Code, unless otherwise indicated.

dent County of Los Angeles (herein respondent) for summary judgment. Summary judgment against appellant was entered on May 26, 1982. Notice of entry of judgment was mailed to appellant on May 26, 1982.

On June 18, 1982, appellant filed a motion to vacate and set aside the judgment against it. Three grounds were urged in support of the motion: (1) that the bail forfeiture of September 11, 1981, was improperly entered because on September 10, 1981, Reece had not been ordered to return to court on September 11, 1981; (2) that appellant was not provided with notice of the request by respondent for summary judgment; and (3) the September 18, 1981, notice by county clerk does not comply with section 1305. The motion to set aside the summary judgment was argued and on July 22, 1982, the trial court denied the motion.

This appeal is from the judgment of May 26, 1982, and from the order of July 22, 1982, denying the motion to set aside the judgment of May 26, 1982. We affirm.

## ISSUES

On appeal, appellant contends:

"1. Penal Code §§ 1287 and 1306, either on their face or as applied, are unconstitutional 'confessions of judgment' and violate the 'Due Process' provisions of the United States Constitution, Amendments Five and Fourteen, and California Constitution, Article One, Section 7.

"2. The prerequisite procedures for obtaining Summary Judgment under C.C.P. §§ 437c and/or 1058a, requiring noticed Motions supported by Affidavits or Declarations, were not complied with.

"3. The failure to comply with either constitutional or statutory prerequisites renders the Judgment a nullity and void."

## DISCUSSION

The Penal Code outlines the procedure to be followed concerning bail bonds and their posting. Section 1287 provides that the form of the bond shall contain the following language, "If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said (naming the sureties, and the defendant if he be a party to the bond), for the amount of their respective undertakings herein, as provided by Sections 1305 and 1306 of the Penal Code."

Concerning nonappearance of a defendant for whom bond has been posted, section 1305 requires notice to the surety when a bond has been forfeited by the court.[3]

---

[3]That section provided at the time the bond was posted and when it was forfeited, "(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds one hundred dollars ($100), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.

"But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, and may order the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court

With reference to summary judgment against the surety, at the time summary judgment was entered section 1306 provided: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman has bound himself. In no event shall the judgment exceed the amount of the bond, with costs and notwithstanding any other provision of law, no penalty assessments shall be levied or added to the judgment. [¶] If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated. [¶] A dismissal of the complaint, indictment or information after the default of the defendant shall not release or affect the obligation of the bail bond or undertaking. [¶] Within five days after the summary judgment becomes final, the district attorney or civil legal adviser of the board of supervisors shall demand immediate payment of the judgment. If the judgment remains unpaid for a period of 20 days after demand has been made, he shall forthwith cause a writ of execution to issue and be levied upon the property of the judgment debtor, and shall take any other steps necessary to collect the judgment. [¶] The right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of the judgment."

██ Appellant argues that, under *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61 [145 Cal.Rptr. 368, 577 P.2d 188], this statutory procedure providing for summary judgment against a bonding company which has posted a bail bond deprives appellant of due process.

In *Isbell,* the Supreme Court declared violative of the due process clause of the Fourteenth Amendment to the United States Constitution a California statutory scheme by means of which a county creditor obtained judgment for excess welfare payments to a welfare recipient, based on a confession of judgment signed by the lay person without legal advice. The rationale for such a conclusion was that the confession of judgment procedure permitted a creditor to obtain judgment without notice, hearing or opportunity to defend.

---

for good cause shown, shall extend the time for hearing and determination.

"(b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

The statutory procedure for summary judgment against a surety as a consequence of the declaration of bail forfeiture is distinguishable from the statutory procedures under scrutiny in *Isbell.* Before there can be liability on a surety for the penal sum of the bail bond, the surety must be furnished prompt and timely notice of the initial nonappearance of the defendant for whom bond has been posted. The surety has 180 days from mailing of notice within which to have vacated the bail forfeiture and, if appropriate, to have the bond reinstated. In this case appellant did file such a motion to vacate, supported by declarations from agents of the bonding company. ██ ██ ██ The motion was denied.[4] ██ Clearly, then, there is under the Penal Code both notice to the surety and the opportunity to be heard (see *People* v. *Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 236-237 [147 Cal.Rptr. 65]; *People* v. *Beverly Bail Bonds* (1982) 134 Cal.App.3d 906, 909 [185 Cal.Rptr. 36]) sufficient to satisfy the California constitutional due process requirements (see *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 550-551 [96 Cal.Rptr. 709, 488 P.2d 13]).

██ Appellant argues that Code of Civil Procedure section 437c, dealing with summary judgment, requires notice to a bail bond surety before summary judgment can be entered against it. A reading of Code of Civil Procedure section 437c shows that it is addressed to summary judgment motions in adversary civil actions which are already on file and in which a general appearance has been made.

The action filed by a county seeking to enforce against a bail bond surety the obligation under a bail bond is not such an adversary civil action. The surety has consented in the form of the bond as prescribed by section 1287 that judgment may be summarily entered against it, so long as the provisions of sections 1305 and 1306 have been met.

██ Appellant argues that Code of Civil Procedure section 1058a, which was enacted in 1972 and in effect in 1982, has some bearing on this case. That section provided, "Whenever any security is given in the form of a bond or undertaking, other than a bond or undertaking of a public officer or fiduciary, in any action or proceeding, each surety submits himself to the jurisdiction of the court in all matters affecting his liability on the bond or undertaking. Such bond or undertaking shall state the address at which the surety may be served with notices and papers authorized by this section. The liability of such surety or sureties, if any, may be enforced on motion

---

[4]A ruling on a motion to set aside bail forfeiture is appealable. (*People* v. *Oppenheimer* (1956) 147 Cal.App.2d Supp. 827 [305 P.2d 306]; *People* v. *Meidell* (1963) 220 Cal.App.2d 105 [33 Cal.Rptr. 564].)

filed in the trial court without the necessity of an independent action. Such motion shall not be filed until entry of the final judgment in the action or proceeding for which the bond or undertaking is given and the time for appeal has expired. Notice of the motion shall be served on the persons whose liability is sought to be enforced at least 30 days prior to the time set for hearing of the motion. The notice shall state the amount of the claim and shall be supported by an affidavit or affidavits setting forth the facts on which the claim is based. Such notice and affidavit may be served in accordance with any procedure authorized by Chapter 5 (commencing with Section 1010), Title 14, Part 2. Judgment may be entered in accordance with the notice against the person or persons served therewith, unless such person or persons shall serve and file an affidavit or affidavits in opposition to the motion showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. If such showing is made, the issues to be tried shall be specified by the court and trial thereof shall be set for the earliest date convenient to the court, allowing sufficient time for discovery. The surety shall not obtain a stay of the proceedings pending the determination of any third-party claims. Affidavits filed pursuant to this section shall conform to the standards prescribed for affidavits filed pursuant to Section 437c."[5] There is nothing to suggest that the Legislature in enacting Code of Civil Procedure section 1058a intended that the section apply to bail bonds posted in criminal matters. (See 4 Pacific L.J. 331.) In any event, "It is the general rule that a special statute controls over a general statute." (*In re Shull* (1944) 23 Cal.2d 745, 750 [146 P.2d 417].) Section 1306 is a special statute concerning appearance bonds in criminal matters. Code of Civil Procedure section 1058a refers to "any security . . . given in the form of a bond or undertaking . . . in any action or proceeding . . . ."

The appeal on the motion to vacate and set aside the prior judgment presents the same questions as were presented on the appeal from the judgment. For the reasons we have set forth, the trial court properly denied the motion.

CONCLUSION

The statutes in question are not violative of due process requirements of either the state or federal Constitutions. The notice provisions of Code of

---

[5]Statutes 1982, chapter 517, repealed Code of Civil Procedure section 1058a. Statutes 1982, chapter 998, enacted Code of Civil Procedure sections 995.010-996.560, the Bond and Undertaking Law. In Code of Civil Procedure section 995.020 of the Bond and Undertaking Law, the Legislature clearly set out that, "(c) The provisions of this chapter do not apply to a bail bond or an undertaking of bail."

Civil Procedure section 437c on summary judgment do not apply to summary judgment on a bail bond.

### DISPOSITION

The judgment is affirmed.

Woods, P. J., and Lucas, J.,* concurred.

A petition for a rehearing was denied October 27, 1983, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1983.

---

*Assigned by the Chairperson of the Judicial Council.