Filed 5/13/21  P. v. Sallee CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM FLOYD SALLEE,<br><br>    Defendant and Appellant. | F080805<br><br>(Super. Ct. No. 19CR-05532)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jessica C. Leal, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P.J., Detjen, J. and Snauffer, J.

Defendant William Floyd Sallee pled no contest to residential burglary and admitted a prior felony strike conviction within the meaning of the "Three Strikes" law. After his plea, defendant entered a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), whereby he was permitted to remain free of custody until his sentencing with the understanding that, if he failed to appear at the sentencing hearing, an additional four years would be added to his sentence. Defendant failed to appear for sentencing and the court imposed the greater sentence—12 years rather than eight years. On appeal, defendant contends that the greater sentence must be vacated because the record does not support a finding that defendant's failure to appear was willful. We conclude that the trial court did not make the required determination regarding whether defendant's failure to appear was willful. We vacate the sentence and remand to the trial court to determine whether defendant's failure to appear was willful.

## PROCEDURAL SUMMARY

On October 1, 2019, the Merced County District Attorney charged defendant with felony residential burglary (Pen. Code, § 459;[1] count 1) and dissuading a witness (§ 136.1, subd. (b)(1); count 2). The complaint further alleged that he had suffered two prior felony "strike" convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as prior serious felony convictions (§ 667, subd. (a)), and had served a prior prison term (§ 667.5, subd. (b)).

On December 9, 2019, the trial court struck the older of defendant's two prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On the same date, defendant pled no contest to count 1 and admitted having suffered a prior strike conviction. In exchange for the plea, count 2 and the remaining enhancements were dismissed. The court further indicated a sentence of eight years (the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

middle term of four years, doubled because of the prior strike conviction) contingent upon defendant's appearance at the sentencing hearing on January 9, 2020. If defendant failed to appear at that hearing, the court indicated it would impose a sentence of 12 years (the upper term of six years, doubled because of the prior strike conviction).

Defendant did not appear at the January 9, 2020 sentencing hearing.

On January 22, 2020, the trial court sentenced defendant to a term of 12 years and imposed various fees and fines.

Defendant filed a notice of appeal on February 20, 2020.

## FACTUAL SUMMARY[2]

### Sentencing Hearing

Prior to imposition of sentence on January 22, 2020, defendant's counsel made an offer of proof. He represented that, while defendant was on release after his guilty plea, his "father was very ill. He had two heart attacks while [defendant] was out on his *Cruz* waiver and was in and out of the hospital, so he was trying to help with his father, who is very ill; as well as his mother, who is elderly and was trying to deal with everything with his father, so that is why he was not able to come to court [for the January 9, 2020 hearing]. [¶] He did call his parole agent shortly after he did miss court and turned himself in."

Defendant's mother testified at the sentencing hearing that defendant's "father did have two heart attacks and was in three different hospitals from January 28th (verbatim) to January 7th—I mean the 8th, and his father is very seriously ill." She further testified that on the morning of January 9, 2020, defendant "overslept, and [when] he woke up, he said, 'I've got to call my parole officer[.]' [However,] she was out sick with bronchitis for three days …."

---

[2]     Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

3.

The trial court did not explicitly find that defendant's failure to appear at the January 9, 2020 hearing was willful.  It concluded that defendant "had entered a plea and was supposed to come back on January 9th, and he didn't come back."  It further stated that it had "ma[d]e it clear [to defendant that] when you do a *Cruz* waiver that you need to come back."  The trial court then imposed a 12-year term of imprisonment.

## DISCUSSION

Defendant argues the trial court erred in imposing a 12-year term of imprisonment because his failure to appear at the January 9, 2020 sentencing hearing was not willful.  The People disagree, arguing that the trial court's implied conclusion that defendant's failure to appear was based upon sufficient evidence.  From our review of the record, it does not appear that the trial court found, explicitly or implicitly, that defendant's failure to appear was willful.  For that reason, we will vacate the sentence and remand to the trial court to determine whether defendant's failure to appear on January 9, 2020, was willful.

*Cruz* held that a defendant may waive the right to withdraw his guilty plea if he is "fully advised" of that right.  (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5.)  A defendant may expressly agree to a greater sentence as a sanction for engaging in certain behavior as long as his waiver is contained in the plea bargain itself.  (*People v. Masloski* (2001) 25 Cal.4th 1212, 1221–1222; *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1113.)  Therefore, if a defendant agrees to a *Cruz* waiver and willfully fails to comply with the terms of the agreement (for instance, by failing to appear at the sentencing hearing) the trial court may impose a term of imprisonment greater than the bargained-for term without permitting the defendant to withdraw his plea.  (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; *Vargas, supra*, 223 Cal.App.3d at pp. 1112–1113 [a defendant may agree to imposition of a specific greater term in the event of his nonappearance]; see *People v. Masloski, supra*, 25 Cal.4th at pp. 1219–1223; *People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)  A defendant acts "willfully" if he knows what he is doing and intends to do it.  (§ 7, subd. 1; *People v. Atkins* (2001) 25 Cal.4th 76, 85–86.)

4.

In analogous bail forfeiture cases, a defendant's failure to appear "is presumptively without sufficient excuse." (*People v. Beverly Bail Bonds* (1982) 134 Cal.App.3d 906, 911.) It is a defendant's burden to prove that his failure to appear was not willful (*id*. at pp. 911–913) by a preponderance of the evidence (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 505; *People v. Vargas* (2007) 148 Cal.App.4th 644, 652). We review the trial court's determination for substantial evidence. (*Rabanales*, *supra*, 168 Cal.App.4th at p. 509.) In doing so, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge all reasonable inferences to support the trial court's order." (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 390.)

Defendant contends his failure to appear was not willful because "he [did not] intentionally fail to appear. [Citation.] He merely overslept." The trial court was in the best position to determine the credibility of the claim that defendant failed to appear because he overslept (perhaps as a result of taking care of his terminally ill father and elderly mother). (See *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 78 [because the trial court can observe the demeanor of a witness, it is in the best position to assess credibility].) However, the trial court did not explicitly make that determination, nor does it appear that the trial court implicitly made the determination.

While we normally presume that a trial court understands and properly carries out its duties (Evid. Code, § 664; *People v. Stowell* (2003) 31 Cal.4th 1107, 1114), the trial court's admonition to defendant at the change of plea hearing and comments at sentencing suggest that it did not consider whether defendant's failure to appear was willful. Specifically, at the change of plea hearing, the trial court informed defendant that if he "failed to appear [on January 9, 2020], then [he] would get 12 years …." Then, before hearing any argument at the January 22, 2020 sentencing hearing, the trial court stated defendant "had done a *Cruz* waiver. He failed to appear for sentencing, so the agreement is he would receive … a total of 12 years …." When defendant's counsel

5.

asked that defendant's mother be permitted to address the court to address defendant's failure to appear, the trial court responded: "I'll allow her to address the Court. I don't know if it will make any difference." After defendant's mother explained that he had overslept after having spent the previous days with his father in the hospital, the trial court explained twice more that defendant was required to be at the January 9, 2020 hearing but failed to appear. On that record, we must conclude that the trial court imposed the greater bargained-for term of 12 years based exclusively on the fact of defendant's failure to appear on January 9, 2020, without determining whether the failure to appear was willful. We therefore must remand for the trial court to determine whether defendant's failure to appear was willful.

We express no opinion on whether defendant will be able to demonstrate that his failure to appear in Merced Superior Court on January 9, 2020, was not willful.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded to the trial court to determine whether defendant's failure to appear at the January 9, 2020 sentencing hearing was willful. The trial court may conduct any hearings necessary to its determination.