[Civ. No. 33770. First Dist., Div. Three. Aug. 22, 1974.]

CONTINENTAL CASUALTY COMPANY,
Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Severson, Werson, Berke & Melchior and Bernardus J. Smit for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and Gloria F. DeHart, Deputy Attorneys General for Defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal from the judgment following the sustaining of a demurrer without leave to amend.

Appellant Continental Casualty Company filed its complaint on behalf of those who have paid to the state bail bond forfeitures in which a penalty assessment was included pursuant to Penal Code section 13521.

Penal Code section 13521 provides inter alia for the levy of a penalty assessment of $5.00 for every $20 or fraction thereof of forfeitures collected by the courts for criminal offenses with certain exceptions, and further provides: "When any deposit of bail is made for an offense to which this section applies, the person making such deposit shall also deposit a sufficient amount to include the assessment prescribed in

this section for forfeited bail." The penalty assessment is forfeited, if bail is forfeited, and returned, if bail is returned.

The California Supreme Court in *McDermott* v. *Superior Court* (1972) 6 Cal.3d 693 [100 Cal.Rptr. 297, 493 P.2d 1161], held Penal Code section 13521 unconstitutional as applied to bail. The court reasoned that Penal Code section 1275 requires the setting of bail in an amount determined to be reasonable in light of the factors enumerated in that statute. The addition of the statutory penalty to such amount would result in excessive bail, the imposition of which is prohibited by article I, section 6, of the California Constitution and the Eighth Amendment to the United States Constitution.

In this class action, bondsmen who have already forfeited this penalty assessment upon the nonappearance of their bailees, seek to recover the amount of the penalty. The decision in *McDermott* involved the resolution of a petition for writ of mandate by persons awaiting trial and resulted in an order to respondent courts to reset petitioners' bail so as to eliminate any penalty assessments. (6 Cal.3d at p. 698.) The court anticipated a claim for recovery of past penalty assessments and concluded that such claims would be foreclosed by application of a waiver and estoppel doctrine.

The court reasoned that, since he had elected not to appear, "the typical bailee has thereby waived his right to recover the penalty money, and is estopped from repudiating that waiver [citation]. In the vast majority if not all cases wherein a penalty assessment has been forfeited with bail, no claim would lie for the recovery thereof." (6 Cal.3d at p. 698.)

Appellant first argues that the language of *McDermott* indicates that some bailees may not have waived their right to recover and that, therefore, the demurrer should not have been sustained as to all claims. From the entire discussion of the court in *McDermott,* however, it is concluded that the court meant all bailees were estopped except those who proceeded in accordance with the requirements of the Penal Code, excused their absence and were relieved from the forfeiture. If, as appellant suggests, some bailees may have been in prison, sick, or encountered other circumstances which would take them out of the category of those who knowingly elected not to appear, they could have sought relief from forfeiture pursuant to Penal Code section 1305. The fact that a portion of the bail was unconstitutional does not give them a separate excuse for not appearing or excuse them from pursuing the remedy of section 1305.

Appellant's principal argument is that, although the bailees themselves may have knowingly waived their right to recover the penalty money by their conduct, this waiver cannot be imputed to the innocent bondsman. Appellant overlooks the fact that every forfeiture involves the conduct of the bailee rather than the surety. That is the nature of the agreement between the state and the bondsman. The state relinquishes custody of the bailee to the bondsman in return for the assurance that a certain sum will be paid by the surety because of the conduct of nonappearance by the bailee.

The appellant bondsmen wish to change the terms of their contract with the state because the state incorrectly determined the amount of the money to be forfeited upon nonappearance of the bailee. Allowing restitution of a portion of the money forfeited would result in unjust enrichment of the surety. The surety enters a contract with the bailee which encompasses the risk that the bailee will not appear and has charged a fee which presumably is sufficient to provide a profitable enterprise despite occasional forfeitures of bail and penalty assessments. The innocent bondsman will be unable to return the fee to the bailee who is unavailable. In addition to enrichment by these fees, the bondsman is enriched by the fees for the amount of the penalty assessment paid by those whose bail has not been forfeited.

The bondsmen should not be unjustly enriched at the expense of the Peace Officers' Training Fund, the recipient of the forfeited penalties, which the Supreme Court notes would be irreparably injured should the fund be required to reimburse the money transferred. (See *McDermott* v. *Superior Court, supra,* 6 Cal.3d at p. 698, fn. 3.)

We conclude that the demurrer was properly sustained for the foregoing reasons. A determination of state immunity from suit arising from enforcement of section 13521 is therefore unnecessary.

The judgment is affirmed.

Draper, P. J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.