[Civ. Nos. 43636, 44436. Second Dist., Div. One. Jan. 29, 1975.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
WILSHIRE INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Kenneth Foley for Defendant and Appellant.

John H. Larson, County Counsel, and Louis V. Aguilar, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

HANSON, J.—

## INTRODUCTION

This is a consolidated appeal by a surety from the superior court's denial of its motion, following a bail bond forfeiture, to reduce its obligation by the amount of the penalty assessment imposed by Penal Code section 13521.

This is a case of first impression.

## THE CASES

The appellant-defendant Wilshire Insurance Company (hereinafter Surety) in the above captioned cases posted its bail bond No. 30A-10257 in the case of People v. Van Horn (Los Angeles Superior Court case No. A278856) and its bail bond No. 60A-10035 in another Van Horn criminal case (Los Angeles Superior Court case No. A271251).

The defendant Van Horn failed to appear in the criminal court at the prescribed times, and bail was forfeited. Notice of forfeiture was given and payment not having been made by the Surety, proceedings were instituted under Penal Code section 1306 resulting in a "Summary Judgment on Bail Bond Forfeiture" on each bond.

In People v. Van Horn case No. A271251 bail was fixed at $25,000 and the amount of $6,250 was added thereto, as provided in Penal Code section 13521, making the total amount of the Surety's obligation in this case, $31,250.

In People v. Van Horn case No. A278856 bail was fixed at $20,000 and the amount of $5,000 was added thereto as provided in Penal Code section 13521, making the total amount of the Surety's obligation in this case, $25,000.

The court below denied the defendant Surety's motion to reduce its obligation by the amount of the penalty assessment.

Defendant Surety appeals.

## CONTENTIONS

On appeal the defendant Surety contends that the 25 percent (25%) penalty assessment required by Penal Code section 13521[1] is unconstitu-

---

[1]Section 13521 of the Penal Code, as amended by Statutes 1970, provides:

"On and after September 18, 1959, there shall be levied a penalty assessment in an amount equal to five dollars ($5) for every twenty dollars ($20), or fraction thereof, of every fine, penalty, and forfeiture imposed and collected by the courts for criminal offenses, other than a fine, penalty, or forfeiture for an offense included within the penalty assessment provisions of Section 42050 of the Vehicle Code, an offense expressly exempted from the penalty assessment provisions of Section 42050 of the Vehicle Code, or a violation of the Fish and Game Code. Where multiple offenses are involved, the penalty assessment shall be based upon the total fine or bail for all offenses. When a fine is suspended, in whole or in part, the penalty assessment shall be reduced in proportion to the suspension.

"When any deposit of bail is made for an offense to which this section applies, the person making such deposit shall also deposit a sufficient amount to include the assessment precribed [sic] in this section for forfeited bail. If bail is forfeited, the amount of such assessment shall be transmitted by the clerk of the court to the county treasury and thence to the State Treasury pursuant to this section. If bail is returned, the assessment made thereon pursuant to this section shall also be returned.

"After a determination by the court of the amount due, the clerk of the court shall collect the same and transmit it to the county treasury. It shall then be transmitted to the State Treasury to be deposited in the Peace Officers' Training Fund. The transmission to the State Treasury shall be carried out in the same manner as fines collected for the state by a county.

"In any case where a person convicted of any offense to which this section applies is imprisoned until the fine is satisfied, the judge may waive all or any part of the penalty assessment the payment of which would work a hardship on the person convicted or his immediate family."

tional and void as applied to bail and relies on *McDermott* v. *Superior Court*, 6 Cal.3d 693 [100 Cal.Rptr. 297, 493 P.2d 1161], as authority.

The respondent County of Los Angeles (hereinafter the County) contends that the court below properly refused to reduce the Surety's obligation, asserting that the Surety's obligation, contractual in nature, is unaffected by the constitutionality of section 13521 of the Penal Code and that the Surety is estopped from denying the validity of the penalty assessment portion of the bond.

DISCUSSION

Appellant Surety relies on *McDermott* v. *Superior Court, supra,* which held Penal Code section 13521, levying a penalty assessment on certain forfeitures, unconstitutional as it applies to bail.

Respondent County counters by urging that the California Supreme Court in *McDermott, supra,* intended to insure a criminal defendant's right to reasonable bail and not to enable a surety to avoid its contractual obligations, and anticipated the very issue at bench by stating at page 697: "We might anticipate that imaginative claimants may seek to recover from the Peace Officers' Training Fund or the transferring agencies those monies initially and illegally levied as excessive bail. Such recoveries, however, would appear to be severely limited. . . . In the typical case, bail and the penalty assessments are forfeited in the absence of a satisfactory explanation therefor, upon a bailee's failure to appear in a criminal proceeding as required. (See *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385].) The bailee is thereafter afforded ample opportunity to appear and excuse his default before the finality of the forfeiture. (Pen. Code, § 1305.) In view of such matters, a bailee who neglected to justify his failure to appear when compelled by bail, with knowledge that not only the proper bail money but also the penalty assessment was at stake, must be deemed to have knowingly elected, for reasons which he believed to be to his greater advantage in his order of priorities, to sacrifice his bail and penalty money rather than appear within the allotted time to explain his continuing absence. Having made that election independently of any lack of knowledge of the illegality of the penalty assessment (cf. *People* v. *De Santiago* (1969) 71 Cal.2d 18, 22-28 [76 Cal.Rptr. 809, 453 P.2d 353]), the typical bailee has thereby waived his right to recover the penalty money, and is estopped from repudiating that waiver (see *McCormick* v. *Orient Insurance Co.* (1890) 86 Cal. 260 [24 P. 1003]). In the vast majority

if not all cases wherein a penalty assessment has been forfeited with bail, no claim would lie for the recovery thereof."

Appellant Surety parries by urging that nothing in the above quoted portion of *McDermott* conflicts with its position, in that the case at bench is not one where the Surety seeks to recover back moneys paid, but seeks to avoid payment of the statutory penalty assessment.

Assuming the language in *McDermott* quoted *supra,* was basically intended to "cut off at the pass" a raid on the Peace Officers' Training Fund for moneys already paid into the fund and is not determinative of the case at bench, the remaining legal theories relied on by the appellant Surety and the respondent County butt heads.

On the one hand, the appellant Surety points to the rule that the liability of a Surety is coextensive and commensurate with that of the principal, citing Civil Code section 2809,[2] and thus if Penal Code section 13521 is unconstitutional for Van Horn, it is also unconstitutional for it, the Surety.

On the other hand, the respondent County asserts that the Surety cannot step into the constitutional-rights shoes of the defendant Van Horn in order to relieve itself from its contractual obligation to the state, since that contractual obligation is absolute and a judgment entered pursuant thereto is also absolute, being a consent judgment from which no appeal lies, citing *People* v. *Stuyvesant Ins. Co.,* 216 Cal.App.2d 380 [31 Cal.Rptr. 208]:

Without a detailed analysis of the relative convincing legal force of these conflicting theories, the compelling rationale in *Continental Cas. Co.* v. *State of California,* 41 Cal.App.3d 259 [115 Cal.Rptr. 868], although a class action with procedural and factual distinctions, is sufficient to break the impasse of these competing positions in favor of the respondent County. In *Continental Cas. Co.* v. *State of California, supra,* the court said at page 262: "The appellant bondsmen wish to change the terms of their contract with the state because the state incorrectly determined the amount of the money to be forfeited upon nonappearance of the bailee. Allowing restitution of a portion of the money forfeited would result in unjust enrichment of the surety. The

[2]"The obligation of a surety must be neither larger in amount nor in other respects more burdensome than that of the principal; and if in its terms it exceeds it, it is reducible in proportion to the principal obligation."

surety enters a contract with the bailee which encompasses the risk that the bailee will not appear and has charged a fee which presumably is sufficient to provide a profitable enterprise despite occasional forfeitures of bail and penalty assessments. The innocent bondsman will be unable to return the fee to the bailee who is unavailable. In addition to enrichment by these fees, the bondsman is enriched by the fees for the amount of the penalty assessment paid by those whose bail has not been forfeited.

"The bondsmen should not be unjustly enriched at the expense of the Peace Officers' Training Fund, the recipient of the forfeited penalties, which the Supreme Court notes would be irreparably injured should the fund be required to reimburse the money transferred. (See *McDermott* v. *Superior Court, supra,* 6 Cal.3d at p. 698, fn. 3.)"

A fortiori, in the case at bench, the Surety has received a handsome premium "which presumably is sufficient to provide a profitable enterprise despite occasional forfeitures of bail *and penalty assessments*" (italics added), and should not be unjustly enriched by retaining the penalty assessment at the expense of the Peace Officers' Training Fund, the recipient of the forfeited penalties.

Judgment affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 26, 1975.