[No. B024506. Second Dist., Div. Four. Dec. 18, 1987.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. CLASSIFIED INSURANCE CORPORATION, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

De Witt W. Clinton, County Counsel, S. Robert Ambrose, Assistant County Counsel and Tighe F. Hudson, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**WOODS, P. J.**—Classified Insurance Corporation (Classified), a bail bond surety, appeals the imposition of postjudgment interest on its bail bond forfeiture. We affirm, finding no error.

Classified posted bail bond in the sum of $5,000 for Ferguson T. Colbert, a criminal defendant. On December 30, 1985, Tolbert failed to appear in court and the bail was declared forfeited. Notice of forfeiture was mailed on January 7, 1986. On August 28, 1986, after Classified failed to bring an action within 180 days of the notice of forfeiture asserting adequate grounds

on which relief from forfeiture could be granted, summary judgment was entered against Classified pursuant to Penal Code section 1306.

The summary judgment provided for a "judgment in the sum of $5,000.00, together with costs in the sum of $99.00, for a total of $5,099.00, together with interest thereon at the rate of 10% per annum from the date hereon until paid."

Classified moved to vacate the summary judgment on the grounds that the judgment was entered in excess of jurisdiction and was therefore void. The court denied the motion and this appeal followed.

Penal Code section 1306 provides, in relevant part: "(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. In no event shall the judgment exceed the amount of the bond, with costs, and notwithstanding any other provision of law, no penalty assessments shall be levied or added to the judgment.

". . . . . . . . . . . . . . . . . . . .

"(d) The district attorney or civil legal adviser of the board of supervisors shall:

". . . . . . . . . . . . . . . . . . . .

"(2) If the judgment remains unpaid for a period of 20 days after demand has been made, shall forthwith enforce the judgment in the manner provided for enforcement of money judgments generally."

 Classified contends that the more particularized proscription of Penal Code section 1306, subdivision (a) that, "in no event shall the judgment exceed the amount of the bond, with costs, and notwithstanding any other provision of law, no penalty assessments shall be levied or added to the judgment," overrides the more general reference in Penal Code section 1306, subdivision (d)(2) to enforcing the judgment "in the manner provided for enforcement of money judgments generally." Classified further contends that the imposition of postjudgment interest constituted a "penalty assessment" within the meaning of Penal Code section 1306, subdivision (a).

As a threshold matter of statutory construction, Classified is in error. The Legislature amended Penal Code section 1306 in 1982 to include the first

sentence of subdivision (d)(2). (Stats. 1982, ch. 497, § 139, p. 2206.) Accompanying the amendment was this Law Revision Commission comment: "Section 1306 is amended to conform to Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure (Enforcement of Judgments Law)." (West Ann. Pen. Code, § 1306, p. 76 (1987 pocket pt.).) Code of Civil Procedure section 685.010, which is part of title 9, provides in subdivision (a) that "[i]nterest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Thus, Penal Code section 1306, subdivision (d)(2), read in conjunction with the relevant Law Revision Commission comment, evinces an explicit and particularized legislative intent to impose postjudgment interest on bail bond forfeitures.

Moreover, further inquiry into the history of Penal Code section 1306 indicates the "penalty assessment" language in subdivision (a) was not intended to be construed in the manner contended for by Classified. In *McDermott* v. *Superior Court* (1972) 6 Cal.3d 693 [100 Cal.Rptr. 297, 493 P.2d 1161], the Supreme Court held that Penal Code section 13521 (repealed Stats. 1981, ch. 166, § 9; see now Pen. Code, § 1464) was unconstitutional as applied to bail. Penal Code section 13521 authorized a 25 percent penalty assessment to be levied for every fine, penalty, or forfeiture imposed and collected for certain criminal offenses. (Stats. 1970, ch. 1009, § 1.) The court agreed with the petitioners that "if bail is set at an amount determined to be reasonable . . . , and a 25 percent penalty assessment is added to the amount of such bail and the defendant [is] required to deposit the total sum before he can obtain his release from custody, the result would be to exact excessive bail." (*McDermott* v. *Superior Court, supra,* 6 Cal.3d at pp. 695-696.)

The "penalty assessment" language in Penal Code section 1306, subdivision (a) was added in 1981, several days after Penal Code section 13521 was repealed. (Stats. 1981, ch. 226, § 1, p. 1152; Stats. 1981, ch. 166, § 9, p. 972.) Thus, by its reference to a "penalty assessment," section 1306 appears to incorporate the *McDermott* holding.

Unlike Penal Code section 13521, Penal Code section 1306, subdivision (d)(2) does not add a penalty assessment to the amount of bail that a criminal defendant is required to post in order to be released from custody. Rather, interest is imposed only after bail is forfeited because of a defendant's failure to appear in court, and after a surety fails to execute its obligation on a bond when it comes due. ■ Thus, the purpose and practical effect of Penal Code section 1306, subdivision (d)(2) is to compensate local governments for the loss of use of money during the time a judgment

remains unpaid. No interest at all would be due if the judgment was paid upon entry. ■■■ The prohibition in Penal Code section 1306, subdivision (a) against penalty assessments is in no way implicated by this method of enforcing a validly entered and noticed forfeiture of a bail bond.

We therefore affirm.

George, J., and Rothman, J.,* concurred.

A petition for a rehearing was denied January 5, 1988, and appellant's petition for review by the Supreme Court was denied March 2, 1988.

---

\* Assigned by the Chairperson of the Judicial Council.