[No. C041065. Third Dist. July 16, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II of the Discussion.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Anthony J. LaBouff, County Counsel, and Mark W. Rathe, Chief Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**BLEASE, Acting P. J.**—Defendant Ranger Insurance Company (Ranger) appeals from an order which denied the discharge of an order of forfeiture and the exoneration of bail. Ranger contends the order was invalid because notice was not given to "the bail," as required by Penal Code section 1305, subdivision (c)(4), prior to reinstatement of the bail bond.[1]

Ranger contends that "the bail" refers to the surety for the bail but does not include the bail agent. We disagree on the ground that, although "the bail" refers to the surety, the "bail agent" may accept notice of reinstatement for the surety as the entity licensed to act "on behalf of any surety insurer ...." (Ins. Code, § 1802.)

Since notice of reinstatement was given the bail agent and no statute required that the surety be separately served, we shall affirm the judgment.[2]

## STATEMENT OF FACTS

On April 8, 1999, Ranger, through its agent Andrea Bail Bonds, issued a bail bond for Santandra Anand Singh.[3] On May 21, 1999, Singh failed to appear and bail was declared forfeited. Notice of forfeiture was sent to both Ranger and the bail agent, Andrea Bail Bonds, as required by statute. Defendant appeared in court on May 26, 1999, and bail was reinstated. On that same day, Andrea Bail Bonds, as Ranger's agent, reassumed the bond liability.

Defendant pled no contest to several charges but did not appear for sentencing on October 19, 1999, and the bail was declared forfeited. Proper notice of the forfeiture was sent to Ranger and Andrea Bail Bonds. After various extensions of the exoneration period, summary judgment was entered on September 26, 2000.

---

[1] Unless otherwise indicated, further statutory references are to the Penal Code.

[2] Ranger also contends the summary judgment is now unenforceable. This issue is not properly before us. Nor do we consider the notice required when a deposit is made in lieu of a bail bond.

[3] No claim is made that Andrea Bail Bonds was not licensed as a bail agent pursuant to Insurance Code sections 1801 et seq.

## DISCUSSION

### I

Section 1305, subdivision (c)(4), provides the court may order bail reinstated if "[t]he bail is given prior notice of the reinstatement" and "[t]he bail has not surrendered the defendant."[5]

The defendant argues "the bail" refers to the surety and concludes therefrom that under this statute service on the bail agent is insufficient.

We disagree.

### A. *The Bail Agent May Accept Service For the Bail as Its Agent*

The term "the bail," is not defined in section 1305 and Ranger contends it is a term of art which means only the surety. On this point we agree.

The term "the bail" or "bail," used as a noun, appeared in the earliest of our criminal statutes. (Stats. 1851, ch. 29, §§ 508, 513, 531, pp. 268, 271.)[6] It there refers to the person or entity who "will pay to the people of this State a specified sum" in the event the defendant fails to appear. (§ 508, p. 268.)[7] "Bail is put in by a written recognizance executed by two sufficient sureties ...." (§ 516, p. 269.) "The qualifications of [the] bail" are residence in the state and net worth. (§ 517, p. 269.) In this context it is plain "the bail" refers to the surety.

■ This meaning has been carried into the present statutes with the development of corporate sureties and licensed bail agents. Thus, in section 1269 and subdivision (a)(5) of section 1305, "the bail" refers to the person or entity obligated to make payment on the bail bond, i.e., the surety on the

---

[5] Section 1305, subdivision (c)(4) provides: "In lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same bond if both of the following conditions are met: [¶] (A) The bail is given prior notice of the reinstatement. [¶] The bail has not surrendered the defendant."

There is no dispute the second requirement of section 1305, subdivision (c)(4), has been met, that the bail did not surrender the defendant. Accordingly, we do not address that portion of the statute.

[6] Section 531 provides in relevant part: "At any time before the forfeiture of their recognizance, the bail may surrender the defendant in their exoneration ...." (p. 271.)

[7] Section 508 states: "The taking of bail consists in the ... recognizance of sufficient bail for the appearance of the defendant ... or that the bail will pay to the people of this State a specified sum."

bond, if the defendant does not appear as required.[8] In section 1305, subdivision (c)(2), (3), and (4)(B), "the bail" refers to the person or entity that surrenders the defendant to custody to avoid forfeiture of the bond. Since, as will be shown, the surety acts through the bail agent, it is the bail agent that performs this duty on behalf of the surety. (Ins. Code, § 1800.) "Strictly speaking, [the] bail is the person in whose custody the defendant is placed when released from jail and who acts as surety for the defendant's later appearance in court." (*Sawyer v. Barbour* (1956) 142 Cal.App.2d 827, 833, [300 P.2d 187], disapproved on other grounds by *McDermott v. Superior Court* (1972) 6 Cal.3d 693 [100 Cal.Rptr. 297, 493 P.2d 1161].)

■ Section 1305 sets forth the conditions for the forfeiture of a bail bond. It specifies the person or entity that must be given notice regarding the conditions for forfeiture and specifies the cases in which the surety itself must be given notice. When a defendant fails to appear the court shall declare the bail forfeited. Strict time deadlines are set. Within 30 days of the forfeiture, the clerk "shall mail notice of the forfeiture to the surety or the depositor of money posted instead of bail" and "[a]t the same time, the court shall mail a copy of the forfeiture notice to the bail agent" if a bond has been issued. (§ 1305, subd. (b).) If the notice is not given to both, the "surety ... shall be released of all obligations under the bond ...." (§ 1305, subd. (b)(2) & (3).) By contrast "the surety insurer, the bail agent, the surety, or the depositor" may move to extend the period for exoneration of the bail bond. (§ 1305, subd. (i).)

■ Reading the statute as a whole, it is clear that when the Legislature intended to require service on both the surety and the bail agent, it said so. But when the Legislature did not intend to make such a distinction, it used the term "the bail," to refer to the person or entity liable on the bail bond.

However, "[a]n insurer shall not execute an undertaking of bail except by and through a person holding a bail license ...." (Ins. Code, § 1800.) "A bail agent's license ... permits the licensee to solicit, negotiate, and effect undertakings of bail on behalf of any surety insurer while there is in effect an unrevoked notice of appointment ...." (Ins. Code, § 1802.) ■ Thus, the surety does its business through a licensed agent and the agent may "effect undertakings" on behalf of the surety. (See *Groves v. City of Los Angeles* (1953) 40 Cal.2d 751 [256 P.2d 309]; *People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66 [285 Cal.Rptr. 575]; *County of Los Angeles v.*

---

[8] Section 1269 provides in pertinent part: "The taking of bail consists [of the obligation] that the bail will pay to the people of this state a specified sum" to guarantee the appearance in court of the defendant.

*Wilshire Ins. Co.* (1979) 103 Cal.App.3dSupp. 1 [163 Cal.Rptr. 123].) Consequently, the agent may act for the surety in "undertaking[]" to receive notice unless a statute requires otherwise.

■ That is also the sense of "the bail" in subdivision (c)(2) and (3) of section 1305, which specify that bail is exonerated if the defendant is "surrendered to custody by the bail ...." This contemplates surrender by a bail agent. However, since the bail agent acts for the surety, it is the surety that is credited with the surrender. Under defendant's view, if the bail agent surrenders the defendant, bail would not be exonerated because the agent would not be acting on behalf of the surety.

Defendant relies on *County of Madera v. Ranger Ins. Co.* (1991) 230 Cal.App.3d 271 [281 Cal.Rptr. 230]. *Madera* does not help defendant's cause. At issue was whether notice had to be given *before* reinstatement. Neither the surety nor the bail agent was given prior notice of the reinstatement. Thus, the *Madera* court only held that the reinstatement notification had to be given prior to the reinstatement.

■ We hold the term "the bail," as used in notice provisions of section 1305 refers to the surety and that, unless service is required to be given the surety in addition to the bail agent, that service on the bail agent is service on the surety. In this case, notice of reinstatement was given to the bail agent. Thus, the requirements of section 1305, subdivision (c)(4) were met.

B. *The Bail Agent, Hence the Surety, Was Given Notice*

Failing the above argument Ranger claims the bail agent was not given notice of the reinstatement of the bond.

The bail agent prepared and signed a "Resumpption of Liability of Bail Bond" on behalf of Ranger, that states: "The forfeiture of the Bail Bond filed herein on behalf of the above named defendant in the amount of $75,000.00 having been set aside by the above entitled court, RANGER INSURANCE COMPANY, the surety thereon, does hereby reassume all of its obligations thereunder." Below this language and the signature of the bail agent is the actual order vacating the forfeiture and reinstating the bond which contains the judge's signature.

■ The document establishes the bail agent was given notice of the reinstatement of the bond on behalf of Ranger prior to the order of reinstatement. Since the bail agent received notice, Ranger was given notice.

II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 729.

## DISPOSITION

The judgment is affirmed.

Davis, J., and Hull, J., concurred.

A petition for a rehearing was denied August 8, 2003, and appellant's petition for review by the Supreme Court was denied October 1, 2003.