Filed 4/27/16  P. v. Accredited Surety and Casualty CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ACCREDITED SURETY AND CASUALTY COMPANY,<br><br>    Defendant and Appellant. | G050609<br><br>(Super. Ct. No. 13CF1714)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer and Gregg Prickett, Judges.  Affirmed.

E. Alan Nuñez and John Mark Rorabaugh for Defendant and Appellant.

Leon J. Page, County Counsel, and Suzanne E. Shoai, Deputy County Counsel, for Plaintiff and Respondent.

\*          \*          \*

Accredited Surety and Casualty Company (Accredited) appeals from the trial court's entry of judgment after denying its motion to set aside the court's earlier summary judgment on its bail bond. Accredited sought in its motion to discharge its bail forfeiture 230 days earlier and to have the trial court exonerate its bond. Accredited contends it was entitled to relief under Penal Code section 1305.6 (all further statutory references are to this code) or, alternatively, that the trial court lacked jurisdiction to forfeit the bond. These contentions have no merit, and we therefore affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2013, Orange County authorities filed a fugitive criminal complaint in Orange County Superior Court against Aaron Dejon Belyeu (defendant) under section 1551.1 for his June 21, 2011 failure to appear in court in El Paso County, Colorado. Section 1551.1 provides for a fugitive's arrest and appearance before a magistrate when "the accused stands charged in the courts of any other state with a crime punishable . . . by imprisonment for a term exceeding one year . . . ." That same day, defendant appeared in court, was appointed counsel on the section 1551.1 complaint, waived arraignment, and the court set defendant's bail at $50,000. Accredited posted the bail with an initial bail bond on May 31, 2013, to secure defendant's release. He failed to appear in court in July 2013, and the court declared the bail bond forfeited, but later exonerated it after defendant was rearrested in August 2013.

The magistrate again set bail at $50,000, and Accredited on September 15, 2013, again posted the bail, issuing a new bond to secure defendant's release. In October 2013, defendant again failed to appear, the court declared the bond forfeited and issued a warrant for defendant's arrest. On October 16, 2013, the court clerk mailed Accredited and its bail agent a Notice of Forfeiture, which stated that "the forfeiture will become final 186 days from the date of mailing of this notice, *unless, before that date, you obtain a court order setting aside such forfeiture . . . .*" (Italics added.)

2

Two hundred and five days later, on May 9, 2014, neither Accredited nor its bail agent had sought to set aside the forfeiture, and consequently, the trial court entered summary judgment on the bond in the People's favor, on behalf of the County of Orange. On May 13th, the court clerk mailed Accredited and its bail agent certified copies of the court's Summary Judgment on Forfeited Bail Bond order.

Twenty days later, and 230 days after the court clerk's Notice of Forfeiture, Accredited on June 2, 2014, filed a motion it entitled, "Motion to Set Aside Summary Judgment; Discharge Forfeiture and Exonerate Bail." Accredited attached to its motion a document labeled, "Final Commitment and Warrant of Removal," which stated that on September 19, 2013 (just four days after defendant's release on bail on the California criminal complaint), defendant had been remanded by a United States District Court magistrate for the Central District of California to the custody of the United States Marshal on federal felon-in-possession gun charges under 18 U.S.C. § 922(g)(1).

On the July 2, 2014, hearing date on Accredited's set aside motion, Accredited's counsel filed a supplemental declaration attaching an e-mail from Assistant Federal Public Defender Matthew K. Belker stating that defendant's Colorado state-law "gun charges in El Paso County stem from the same arrest and the same firearm that supported the federal prosecution." The e-mail also suggested Belker would ascertain whether El Paso County authorities planned to dismiss their charges against defendant in light of the federal charges.

The court continued the hearing date on Accredited's set aside motion, and two days before the new date, Accredited filed a supplemental request for judicial notice of two documents. The first document appears to be an El Paso County, Colorado "Docket Report" relating to defendant. The Docket Report shows February 8, 2013, charges under Colorado Statute Numbers 18-12-108(1) (weapons possession by a previous offender), 18-12-106(1)(b) (prohibited use/recklessness with a gun), 18-4-401(1), (2) (b) (theft under $500), and 18-8-212(l) (violation of bail bond

3

conditions-felony). The second document appears to be a June 4, 2013, federal indictment relating to defendant, charging him under 18 U.S.C. § 922(g)(1) (felon possessing firearm in and affecting interstate commerce) and 924(e) (penalty enhancement for previous convictions).

Accredited also filed a supplemental declaration by its bail agent, Thadrance Aaron Breaux, the owner of Aaron's Bail Bonds, which had posted defendant's bail bond. Breaux stated that on September 19, 2013, the defendant's girlfriend told him defendant had been arrested that day by federal agents, and Breaux also stated that "several weeks later" the girlfriend told him defendant had been sent back to Colorado. Based on this information from defendant's girlfriend, Breaux stated he believed the bail bond was exonerated without the need for a motion.

At the hearing on Accredited's set aside motion, the trial court questioned Accredited's claim that defendant's arrest by federal authorities on federal charges constituted an arrest in the "underlying case" under section 1305, subdivision (c)(3), under which Accredited sought relief from forfeiture of its bond. The court observed, "The problem with your argument is that its flawed from the standpoint, as I understand it, that it's not the same charge. It's a different charge. It's a federal charge, versus a state charge. He's in court and the extradition hearing was to be on the state charge, the violation of the state statutes, not on violation of federal statutes. So his subsequent arrest under the law may have stemmed from the same incident, but they are different charges."

The trial court also observed that, to the extent Accredited could have sought exoneration of the bond based on defendant's apparent transportation and continued detention in federal custody in Colorado, Accredited had missed its deadline to do so. (See § 1305, subds. (d), (e) & (f) [providing 180-day period from notice of forfeiture for surety to obtain exoneration on specified grounds].) The court noted, "There is a procedure, a specific procedure, in the statute to protect your client so that

4

they can protect their investment in this client from the standpoint of having issued a bond, but they didn't follow it. It appears to me as though they didn't follow that procedure. Now you're coming in and asking for relief after everything has been executed in a sense."

The trial court denied Accredited's motion, concluding, "There has been nothing presented to the court to show that [defendant] was arrested in the underlying case[;] the underlying case was a state case, not a federal case." Alternately, the trial court also explained Accredited failed to show good cause under section 1305.6, subdivision (b), to file a belated motion, as follows: "There has to be a showing of good cause. . . . I have trouble finding good cause, because for one thing, the declaration is not clear enough as to exactly when this conversation with the defendant's girlfriend and the surety was taking place. But I would think that once the surety was notified that this forfeiture had occurred, they would be taking some kind of action." The trial court subsequently entered a written order denying the motion, and Accredited now appeals.

II

DISCUSSION

Accredited contends the trial court erred by denying its set aside motion under section 1305.6. That section, however, applies to individuals who are arrested and appear in court "on the same case within the county where the case is located" (§ 1305.6, subd. (a)) and, in any event, requires "good cause" to grant a motion for relief after entry of judgment on a bond (*id.*, subd. (b)). Accredited met neither criterion. "'[A] motion to set aside an order of forfeiture [rests] entirely within the discretion of the trial court,'" with "'"[t]he burden . . . on the party complaining to establish an abuse of discretion."'" (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 944.) As we explain, Accredited failed to meet that burden.

Section 1305 establishes a "jurisdictional time limit" after the trial court's entry of forfeiture on a bond in which the surety has 180 days either to produce the

5

defendant in court or bring a motion for relief from the forfeiture. (*People v. Ranger Ins. Co.* (2002) 101 Cal.App.4th 605, 608 (*Ranger*).) Because Accredited's motion fell outside the 180-day period, it sought relief under section 1305.6, which affords two exceptions, in subdivisions (a) and (b), respectively.

The first provides: "If a person *appears in court* after the end of the 180-day period specified in Section 1305, the court may, in its discretion, vacate the forfeiture and exonerate the bond if both of the following conditions are met: [¶] (1) The person was *arrested on the same case within the county where the case is located*, within the 180-day period. [¶] (2) The person has been in continuous custody from the time of his or her arrest until the *court appearance on that case*." (§ 1305.6, subd. (a), italics added.)

This provision plainly does not apply because it requires the defendant's personal appearance, which did not occur. The statutory language calling for the defendant's "court appearance *on that case*" indicates the defendant must be produced in the court that approved the defendant's release on bond, but here, the defendant did not appear in the superior court. In any event, Accredited presented no evidence defendant appeared in any other court after his September 2013 arrest, whether in Colorado or elsewhere, nor that he had been in continuous custody following his arrest. Moreover, as the trial court observed, defendant had not been arrested by federal authorities on the same charge for which the trial court had granted his release on bail, namely, the fugitive criminal complaint under California law, section 1551.1.

Tacitly recognizing the terms of subdivision (a) do not apply, Accredited urges that the statute "be considerably bent" in "fairness and commonsense" to "giv[e] effect to the policy and spirit of the law" because "none of the provisions of the bail statutes expressly address fugitive bond circumstances." Accredited's argument fails for three reasons.

First, "the obligation assumed by the bail is absolute but for the defenses set forth in section 1305 of the Penal Code." (*People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382.) Sections 1268 through 1308 enact a comprehensive statutory infrastructure governing bail, exoneration, and forfeiture, and these provisions — including relief from forfeiture — "are subject to precise and strict construction" (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62; *People v. Range Ins. Co.* (1999) 76 Cal.App.4th 326, 328-329) because "[t]he Legislature declares state public policy, not the courts." (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 628.) The early common law cases and general equitable principles on which Accredited relies are therefore unavailing. (See *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 ["The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto"].)

Second, Accredited's attempt to "ben[d]" section 1305.6, subdivision (a), is misplaced because other statutory provisions are more apt. Contrary to Accredited's suggestion, the Legislature contemplated scenarios in which the defendant is transported beyond California's borders and the surety's reach, and provided ample measures for the surety's relief from forfeiture, albeit with a 180-day deadline. For example, section 1305, subdivision (d), provides that "the court shall direct the order of forfeiture to be vacated and the bail or money or property deposited as bail exonerated, if within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice . . . both of the following conditions are met: [¶] (1) The defendant is deceased *or otherwise permanently unable to appear in the court due to* illness, insanity, or *detention by military or civil authorities* [and] [¶] (2) The absence of the defendant is without the connivance of the bail." (Italics added.)

Section 1305, subdivision (e), provides for similar relief in instances where the defendant is "temporarily disabled" from appearing due to "detention by military or civil authorities" "during the remainder of the 180-day period." And section 1305,

7

subdivision (f), expressly provides for bail exoneration on the surety's motion within 180 days of forfeiture "where a defendant is in custody *beyond the jurisdiction of the court that ordered the bail forfeited* . . . and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond . . . ." (Italics added.)

Accredited does not acknowledge, cite, or attempt to distinguish the foregoing subdivisions, presumably because these grounds for relief must be invoked within 180 days of the trial court's notice of forfeiture, which Accredited failed to do. But as noted, such time limits are jurisdictional and within the Legislature's prerogative. (See *Ranger*, *supra*, 101 Cal.App.4th at p. 608.)

Third, there is no basis to "ben[d]" at Accredited's request section 1305.6, subdivision (a), to apply here on equitable grounds to defendant's nonappearance on a fugitive bond because equity does not favor Accredited. As we discuss below concerning section 1305.6, subdivision (b), Accredited failed to establish the "good cause" necessary for relief from the 180-day deadline.

 Section 1305.6, subdivision (b), provides: "Upon a showing of good cause, a motion brought pursuant to paragraph (3) of subdivision (c) of Section 1305 may be filed within 20 days from the mailing of the notice of entry of judgment under Section 1306."

In turn, section 1305, subdivision (c)(3) [hereafter § 1305(c)(3)], requires the court to "vacate the forfeiture and exonerate" the surety's bond "[i]f, outside the county where the case is located, the defendant is surrendered to custody *by the bail* or is arrested *in the underlying case* within the 180-day period." (Italics added.) As the trial court noted, defendant was not arrested by federal authorities on the "underlying case" for which the bail bond issued. Nor did Accredited surrender defendant to federal custody; to the contrary, those agents arrested defendant without Accredited's aid.

8

In any event, even assuming arguendo that the federal felon-in-possession charges on which defendant was arrested were based on the same incident or gun possession underlying the Colorado state law felon-in-possession charges that formed the basis for the fugitive complaint under California law (§ 1551.1), the trial court did *not* abuse its discretion in concluding Accredited failed to establish the requisite good cause under section 1305.6, subdivision (b).  In other words, the predicate for invoking relief from forfeiture under § 1305(c)(3) was absent.

True, Accredited met the 20-day deadline by filing its motion for relief from forfeiture on the 20th day after the trial court's notice of entry of summary judgment on the bond.  But the trial court reasonably could reject Accredited's motion to vacate summary judgment because Accredited presented no good cause for failing to seek relief from forfeiture within 180 days of the trial court's notice of forfeiture.

Accredited argued simply that "the bail agent neglected to file a motion for exoneration of the bail . . . because he justifiably believed that since the defendant had been returned to Colorado, the bail would be exonerated.  Any reasonable person would have believed the same."  Not so.  The flaw in Accredited's argument and its bail agent's reasoning is that exoneration is not self-executing.  For example, the fact that a portion of a defendant's bail is imposed unconstitutionally does not excuse the surety from timely appearing or from *seeking* statutory relief from forfeiture.  (*Continental Cas. Co. v. State of California* (1974) 41 Cal.App.3d 259.)  Here, the trial court had no way of knowing the defendant had been returned to Colorado, but instead relied on Accredited to bring pertinent information to its attention, which Accredited failed to do timely, and for no good reason.

Accredited suggests that the only alternative was "to bring the defendant back from Colorado just so extradition proceedings could be carried out to return him to Colorado," which "would be most unreasonable and illogical."  But this false alternative is a red herring because, as noted, subdivisions (d), (e), and (f) of section 1305 provide

9

within the 180-day statutory period several avenues for relief without extradition, but Accredited never invoked them.

Accredited did not deny it and its bail agent each received the trial court's notice of forfeiture, which expressly noted the statutory period in which to seek relief. But Accredited did nothing for 230 days on the bare supposition that the trial court somehow would divine information about defendant's custody status that Accredited and its bail agent made no effort to provide. In effect, Accredited claims it was entitled to move for exoneration within 180 days' notice *or* 230 days entirely at its leisure and for any reason. To the contrary, "'"[t]he law casts upon the party the duty of looking after his legal rights"'" (*In re Christina L.* (1992) 3 Cal.App.4th 404, 416), and relieves opposing parties and the trial court of the time, expense, and waste of resources in responding to stale claims for relief, absent good cause. (§ 1305.6, subd. (b).) Because Accredited provided none, the trial court did not err in denying its motion.

Alternately, Accredited contends for the first time on appeal that the trial court lacked jurisdiction to forfeit the bond, and therefore was required to grant Accredited's set aside motion. According to Accredited, defendant's release from custody served as the superior court's consideration for the bail Accredited posted, and once defendant was again taken into the government's custody, albeit federal custody, that consideration was void and Accredited was entitled to exoneration of its bond. In a similar vein, Accredited argues that federal custody rendered Accredited's promise to produce defendant impossible through no fault of its own. Accredited relies on the general principle that posting bail serves as a contractual undertaking to ensure the defendant's appearance in court. (Citing generally, e.g., *People v. Meyers* (1932) 215 Cal. 115, 117.) Anticipating that respondent "may complain that this jurisdictional issue is being raised for the first time on appeal," Accredited observes that "a jurisdictional question may be raised at any time . . . ."

But Accredited confuses impossibility and a lack of consideration, which are contract defenses, with a fundamental absence of jurisdiction.  Accredited's failure to timely assert its defenses to summary judgment on the bond did not deprive the trial court of jurisdiction.  To the contrary, even a constitutional right may be forfeited by "'"'the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'"' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)  As our Supreme Court has explained, the trial court has jurisdiction over a bail bond "''from the point it is issued until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture.'" (*People v. American Contractors Indemity Co.* (2004) 33 Cal.4th 653, 663.)  Accredited forfeited the contract defenses it now belatedly asserts by failing to timely raise them, and they furnish no basis to overturn the summary judgment on appeal.  (See *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350-1351, fn. 12 [permitting appellant to raise new arguments on appeal "would not only be unfair to the trial court, but manifestly unjust to the opposing litigant"].)

III

DISPOSITION

The judgment is affirmed.  The People are entitled to their costs on appeal.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

11